**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4605**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

KYLE DAVID GROSS,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry F. Floyd, District Judge. (6:10-cr-00041-HFF-1)

───────────

Submitted:  November 15, 2011      Decided:  November 17, 2011

───────────

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina; William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kyle David Gross pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B) (2006), and was sentenced to 96 months of imprisonment. Gross's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the sentence imposed was reasonable. Although informed of his right to file a supplemental pro se brief, Gross has not done so. For the reasons that follow, we affirm.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. First, this court must assess whether the district court properly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). We also must consider the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United

2

States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). In this case, the district court correctly calculated and considered the advisory Guidelines range and heard argument from counsel and allocution from Gross. The court considered the relevant § 3553(a) factors and explained that the 96-month sentence was warranted in light of the nature and circumstances of the offense. We conclude that Gross's sentence is procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Gross's conviction and sentence. This court requires that counsel inform Gross, in writing, of the right to petition the Supreme Court of the United States for further review. If Gross requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gross.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3